May it please the court, my name is James Todd Bennett. I'm representing the petitioner in this particular proceeding, Jose Julio De Frietas, and I'd like to reserve two minutes of my time for rebuttal. Briefly, the two issues in front of the court in this appeal is, first of all, the authority to amend an order to show cause under the new regulations after the enactment of the Homeland Security Act in 2002 by the Department of Homeland Security. The second issue is whether Mr. De Frietas is entitled to relief under 212C, the former section which has now been repealed but resurrected under the terms of St. Cyr. Turning to the first issue, the government has raised the issue of whether there's been exhaustion as to that issue. Now, originally that issue was raised in the context of the repealed statute, and then on appeal was raised in terms of the ability to amend. The issue, I think, essentially boils down to an issue of pure law. And under the pure law doctrine, you either have the authority and there's been a delegation to do so, or there's not, since it's a straight legal issue. I think under precedence in this circuit, it would be a pure law issue and can be raised on appeal for the first time, to the extent that it wasn't raised originally in the administrative proceeding. And for authority for that, I would cite Espinoza v. Smith, which is 94 Fed Third 1270. That's a Ninth Circuit case from 1996 with a rehearing denied. It's not. Counsel, it might not be a question of pure law. We may have questions of apparent authority and delegation and so on that might come into this. Why wouldn't we want the agency to look at that in the first instance? And if so, then why haven't you waived it? I think initially the problem with the delegation under the statute, you have a clear parting of the waives under the Homeland Security Act. The delegation is made very specific under the regulation. First of all, under the statute, I should say, rather, under 1103A3. The director isn't given the authority to promulgate regulations. Then turning to his own regulations to implement it, we have 240 we have a 239.1A, which he specifically sets out who can issue a notice to appear under the new regulations and the new proceedings after the Illegal Immigration and Reform Immigrant Responsibility Act in 1996. But then we get down to the regulations for ongoing deportation cases, and they're reserved. Nothing ever happened. So in essence, there hasn't even been any regulations. And, Counsel, this is not a question of our jurisdiction, is it? The question you're raising is, I understand that you want to claim that it's an issue of pure law and therefore can be raised on the first time on appeal. It doesn't go to our jurisdiction, though. No. I would not think so. I think the Court has the jurisdiction to hear the issue, because there has clearly been not only no delegation, there has simply been no regulations. They just have not ever occurred. It's quite clear under 240, the 240 sequence for the Department of Homeland Security's regulations, that there's never been any regulations formulated whatsoever for ongoing deportation proceedings. Now, the why, I don't understand, why wouldn't 8 U.S.C. 1252d1 be a jurisdiction on bond in this situation? As to this Court? Yes. 1251d1 would be? 1252d1. I understand, Your Honor. The problem with that is that it's not, that's not the controlling statute. This is a transitional rule case. So it falls back under the issue of, under this old statute, which is 1105, excuse   It's not a jurisdiction under the old law. It's an exhaustion under the old law adopted, preserved by the transitional rules. However, exhaustion only is the matter of right. And in this particular instance, since it goes to the, since it's not an issue of a matter of right, in other words, like a motion to reopen, which would be discretionary or some other means of raising that issue below, I think it's still a pure issue of law before the Court. Roberts. Counsel, would there have been a problem here if DHS had just said, look, okay, so you may be in some other proceeding. We'll just file the whole thing anew. We're going to file something new based on your 2003 possession claim. And it's like being indicted for some second, second thing. Would there have been a problem there? In other words, repapering him for a notice to appear under a new proceeding. Apparently not. They have the authority to do that. Well, your claim is that they didn't have the authority to amend the old one. Now, I'm asking if they could just file a new one. Under their regulations, yes. Okay. Now, and you can see that they could do that. Then what's the problem with just simply consolidating it with an existing proceeding? If they can file a new one, what's the problem here if they can simply consolidate it with an ongoing action? Understanding that the nomenclature has changed with the change in the law. Well, there are two different. I'm sorry, Your Honor. If I understand the question correctly, there's two different kinds of proceedings. In other words, if I file under the new act a notice to appear, there's different kinds of relief. We don't have necessarily until St. Cyr there would be no 212C relief. There would be the procedural mechanism is entirely different. So you can't really consolidate an order to show cause with a notice to appear. That's quite clear from the BIA's own decision on the first decision where they said, well, you can't get an apple and an orange relief under 212C and an EOIR relief under 242, excuse me, a 240AB relief because they're mixing removal with deportation. Now, if they had a, theoretically, they could have dismissed, refiled, and then said, okay, Mr. De Freitas, if you're entitled to 212C, you can apply for it here in removal proceedings. But that didn't happen. It's the clear dividing line under the Illegal Immigration Reform and Nationality Act compounded by, for this issue, with the homeland security problem. I see my time's rapidly dissipating here. If I could turn to the issue of eligibility, frankly, just briefly, I think we really need to re-look at the facts. He's a lawful permanent resident. He enters his plea in 1993. That, in and of itself, wouldn't make him eligible for 212C, but for the fact that in 1990 he entered a plea to another burglary. So with two crimes of moral turpitude at that point in history, he would have been entitled to apply for 212C relief, triggers relief at that point. Contrary to Cordes, the problem in this case is when you do have that triggered effect after St. Cyr, the question is, what is the law at the time of the entry of the admissions in this case? And I would submit that under Wall, which is an older pre-IR, IR, excuse me, Illegal Immigration Reform Act case, it clearly says that relief continues to run indefinitely until, if you do not, if you contest until the end of Federal review, if you don't contest and concede at the end of the BIA review. Well, he clearly, at that point in time, would have been entitled to a Wall-type umbrella. Now, it sounds a little strange that how why should this gentleman be entitled to have post-IRA, IRA convictions considered in his 212C waiver. It's not inconsistent with the Attorney General's conception of the regulations that he enacted after Magana-Pisano in this circuit, which basically also allows the tag-along under 1212.3G, which would allow any alien who is in proceedings before the change in the law and the enactment of the Anti-Terrorist and Effective Death Penalty Act to continue to hear their issues, excuse me, continue to hear post-change-in-the-law convictions. I would submit that on that basis, he's entitled to his relief. I notice that I'm down to about 49 seconds. We'll give you a minute. Thank you. May it please the Court. Good morning. My name is Arthur Raven. I'm here on behalf of the Respondent. As to the first issue, the Court does lack jurisdiction in this case because this is no longer a transitional rules case. There is no such thing as transitional rules cases anymore following the REAL-ID  Act. After the REAL-ID Act, all those kinds of cases, pre-ERA and then post-ERA, deportation versus removal, those jurisdictional issues were collapsed into one jurisdictional scheme. And under 8 U.S.C. 1252.1, an alien must exhaust all available remedies. And this is surely a claim where he raises basically a procedural issue that says, you know, I was in deportation proceedings, and thereafter, IRERA, Illegal Immigration Reform Act, came along and changed the scheme of things as to the rules of review. So thereafter, he claims, there is no more deportation proceedings. But that's not true. Only the rules of review changed, but not the substantive law. And the reason for that is because he was put into proceedings prior to the creation of removal proceedings. So he is still in deportation proceedings. Thus, pursuant to regulation, which we have cited as authority, the even if exhausted, there is regulatory authority for what the service attorney did here. By initiating an amendment to the charge, he did so under the old rules, under the deportation rules, because Petitioner was in deportation proceedings. Therefore, that was the only thing that could have been done, other than the what counsel proposes, which is dismissing the whole proceeding entirely and then initiating all proceedings all over again. Well, that may have been possible to do. That surely is not for us to determine, but it is at the discretion of the agency to initiate new proceedings or not. And this Court's already ruled that whether or not the timing of, in a case called Powell, the timing of when a removal proceeding is initiated or deportation is initiated is up to the service attorney, and that's totally at their discretion and not reviewable judicially. Turning to eligibility, the Board here correctly determined that Petitioner was no longer eligible for 212C relief. Now, 212C is a waiver of inadmissibility that was extended to deportation cases where an alien could show that he had served some basically a certain amount of time in prison and then pled guilty in reliance on having this relief available. The problem with Petitioner's case is at the time he pled guilty, 212C no longer existed. Yes, he did have a 1994 conviction, and yes, the service and the Board said you are entitled to 212C relief as to that conviction. You're saying there's no 212C relief for the 2003 conviction. That's correct, Your Honor. Or the 1999, the two in 1999. What about counsel's point that you're mixing apples and oranges here? We have a deportation and a removability proceeding. We have an NTA and an OSC. We keep changing all the we're playing alphabet soup and changing all the letters. That's not really true, because there is no NTA in this case. This has been OSC throughout. That is, there was an order to show cause, and then there was an amended charge pursuant to the old statute. That is, never, ever has anything or anybody in this case ever decided the Petitioner was in removal proceedings or was entitled to any relief for removal proceedings. And I know this is kind of a difficult concept to grasp, but the Congress did change the rules and did collapse this whole thing. And hopefully, you know, several years from now, we will no longer be talking about any of these distinctions. But at this point. I thought we would have been there by now. Yes, Your Honor. But, you know, there are still cases that come up that were started, you know, in the mid to early 90s that are still filtering through. And this is one of those. And because this case was an OSC case, it is subject to deportation rules. And because the Anti-Terrorism and Effective Death Penalty Act eliminated 212C relief for aliens like Petitioner who have drug convictions, those convictions were basically entered after 212C was gone. So there is no way he could have relied on having that relief available in 1999 when 212C was totally eliminated in 1997. There is no way he could have thought it would be available to him in 2003. There is just no way. Thus, we would have the Court hold the – deny the petition on that ground and hold that in this particular case, Petitioner is not entitled to 212C, and the Board did correctly deny relief in this case. All right. Counsel, just to make sure. On the question of whether the Chief Counsel had the authority to file, you're claiming that there is no subject matter jurisdiction, and therefore, as to that part of the petition, we should dismiss the petition and deny it. Yes, Your Honor. And deny in part. Thank you. Very briefly, on the issue of the authority cited by counsel in his brief, they're relying on the Department of Justice regulations, and that's 1003.30, if I understand their argument correctly. And then also they cite 1248 – the 1248 section as well in the deportation proceeding regulations. That says that the service has the authority – excuse me, the court has the authority to receive from the service lodged charges. It doesn't say anything about who's – who on the other side of the fence under the Homeland Security Act, over with the Department of Homeland Security, has the authority to issue those. If we follow the counsel's – or excuse me, the government's reasoning, that means any clerk could just run up and file charges. There has to be some sort of delegation here. And I see my time's almost up. And as to the relief, the two trailing convictions, the point is they trail. We do not have to reprove a 212C claim at each one of these successive convictions. He's only charged with an aggravated felony, which he conceded, which is a burglary – well, is mischarged as a burglary. They can't make up their mind whether it's a crime of violence or a property offense, so it's ambiguous. It has to be a property offense. He's still eligible even though a bébé has been handed down by this court. Okay.  Thank you, Your Honor. The matter just argued is submitted for decision. We'll hear the last case, which is Corpus v. Kaiser.
judges: Schroeder, Bybee, Wu